### John Davis, Plaintiff in Error, v. St. Paul Coal Company, Defendant in Error.

### Gen. No. 6,558.     (Not to be reported in full.)

Error to the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed July 25, 1918.

### Statement of the Case.

Action by John Davis, plaintiff, against St. Paul Coal Company, defendant, to recover for injuries received while employed in defendant's mine. Plaintiff's original declaration contained no averment that defendant was not operating under the provisions of the Workmen's Compensation Act of 1913 [Callaghan's 1916 St. Supp. ¶ 5475(1) *et seq.*]. A demurrer to the declaration was sustained and the declaration was properly amended by adding to each count an allegation that at and prior to receiving the injuries defendant had elected to reject the act. The amendment was made more than two years after the accident, and a plea of the Two-Year Statute of Limitations was interposed. From a judgment of *nil dicit* against plaintiff, upon his electing to abide by his demurrer to the plea, after the overruling of the demurrer, plaintiff brings error.

BROWNE & WILEY and BUTTERS & CLARK, for plaintiff in error.

DUNCAN & O'CONNOR, for defendant in error.

MR. JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

WORKMEN'S COMPENSATION ACT, § 12*—*when original declaration in action at common law does not state good cause of action.* The

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

original declaration, in an action at common law by an employee against his master for injuries alleged to be due to the negligence of the master while in the latter's employ, which contains no averment that defendant was not operating under the provisions of the Workmen's Compensation Act of 1913 [Callaghan's 1916 St. Supp. ¶ 5475(1) *et seq.*], is insufficient, and hence an amendment to the declaration, more than two years after the injuries, setting up that at and prior to receiving the injuries defendant had elected to reject the act, is demurrable, in view of the Two-Year Statute of Limitations.

John Mosley, Appellant, v. William Hundhausen, Appellee.

Gen. No. 6,559.   (Not to be reported in full.)

Appeal from the County Court of Peoria county; the Hon. Chester F. Barnett, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed July 25, 1918.

### Statement of the Case.

Action by John Mosley, a contractor, plaintiff, against William Hundhausen, a subcontractor, defendant, before a justice of the peace. From a judgment for plaintiff for $14, defendant appealed to the County Court. Before the trial in the County Court plaintiff filed a written statement of his demand as follows:

"Four days work at $2.00 per day          $ 8.00
"Damage by water                            10.00
"Loss of rent by delaying work              75.00
                                           _____
                                            $93.00"

And at the same time defendant filed a statement of his set-off as follows:

"To hauling gravel for said Mosley at his
    request                              32 00/100"